No. 22-5438

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 24, 2022
DEBORAH S. HUNT, Clerk

JACOB BRADLEY, aka Jack Bradley, et al., )
)
    Plaintiffs-Appellants, )
)
v. )    O R D E R
)
JEFFERSON COUNTY, KY PUBLIC SCHOOLS, )
et al., )
)
    Defendants-Appellees. )

Before: GRIFFIN, NALBANDIAN, and READLER, Circuit Judges.

Plaintiffs Jacob Bradley and his parents Daniel and Judith Bradley appeal the district court's orders dismissing their claims alleging violations of the Individuals with Disabilities Education Act, the Due Process Clause, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983 against Defendants Jefferson County, KY Public Schools ("JCPS"), the Kentucky Department of Education, and Morehead State University. The clerk ordered Plaintiffs to show cause why their appeal should not be dismissed as non-final and non-appealable, given that JCPS's counter claims, cross claims, and third-party complaint ("the JCPS claims") remain pending in the district court. Plaintiffs respond, asserting they construed the dismissal of all of their claims as ending their litigation on the merits because that dismissal effectively rendered JCPS's claims moot.

No. 22-5438
-2-

We are vested with jurisdiction over final decisions of the district courts. 28 U.S.C. § 1291. A decision is deemed final for purposes of § 1291 "when it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617 (6th Cir. 2002) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). There are exceptions to the final judgment rule. *See* 28 U.S.C. § 1292(a)(1); 28 U.S.C. § 1292(b); Fed. R. Civ. P. 54(b). None of these exceptions apply here, however.

JCPS's claims are still pending in the district court, and the judgment appealed from has not been certified as a final judgment. Thus, the district court's order that dismissed Plaintiffs' claim but left JCPS's claims pending is not a final and appealable order. *See Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 426 (6th Cir. 2021); *Oak Const. Co. v. Huron Cement Co.*, 475 F.2d 1220, 1221 (6th Cir. 1973) (per curiam); *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128−29 (2d Cir. 2000) (per curiam).

Although Plaintiffs request that we dismiss the appeal without prejudice, we need not do so, because the district court's orders will merge into the final judgment "and can be reviewed upon appeal of the final judgment." *Bonner v. Perry*, 564 F.3d 424, 427 (6th Cir. 2009).

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk